## MARGOLIN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 76.

1. Constitutional law ⊗⇒298(1)—Army and navy ⊗⇒51½, New, vol. 12A Key-No. Series—Statute limiting attorney's charges for services rendered beneficiary under War Risk Insurance Act held valid.

Act May 20, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), prohibiting attorneys from charging more than $3 for any services rendered beneficiary of War Risk Insurance Act, held valid under police power, and not to violate Fifth Amendment, as Congress may impose on any payments of public moneys such limitations as it chooses.

2. Army and navy ⊗⇒51½, New, vol. 12A Key-No. Series—Attorney not entitled to recover more than $3 for all services rendered to beneficiary of war risk policy.

Under Act May 20, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), attorney is not entitled to recover more than $3 for all services rendered beneficiary of war risk policy, including his preliminary services in preparing papers, correspondence with bureau, and trip to Washington.

In Error to the District Court of the United States for the Southern District of New York.

Joseph P. Margolin was convicted of violating the War Risk Insurance Act May 20, 1918, § 1, and he brings error. Affirmed.

F. R. Serri, of Brooklyn, N. Y., for plaintiff in error.

Wm. Hayward, U. S. Atty., of New York City (Carl Brecher, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge. The defendant was convicted by a jury and fined $250 for violation of section 13 of Act Sept. 2, 1914, as added by Act Oct. 6, 1917, § 2, and as amended by Act May 20, 1918, § 1, "the War Risk Insurance Act" (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk). The exceptions raise the questions whether the section is constitutional under the Fifth Amendment, and, if so, whether an attorney may charge more than $3 for any services rendered beneficiaries under the War Risk Insurance Act. One Yetta Cohen retained the defendant to press, and secure the allowance of, her claim as beneficiary under a policy taken out by Joseph Freeman, her nephew, who died while enlisted in the United States Army. He had some correspondence with the Veterans' Bureau and made one trip to Washington to examine the records and interview the officials. It may be assumed that his services were of substantial service in procuring an allowance of Yetta Cohen's claim, and under any appraisal were worth many times the sum of $3. For them he demanded $2,000 and received $1,500.

[1] On the constitutional point we need say little. The War Risk Insurance Act establishes in substance a kind of pension, and Congress may impose upon any payments made under it such limitation as it chooses. Frisbie v. U. S., 157 U. S. 160, 165, 166, 15 S. Ct. 586, 39 L. Ed. 657; Ball v. Halsell, 161 U. S. 72, 16 S. Ct. 554, 40 L. Ed. 622. Indeed, such legislation may even avoid preexisting contracts, Calhoun v. Massie, 253 U.

S. 170, 40 S. Ct. 474, 64 L. Ed. 843. The limitation in question was to protect from extortion a class of persons who might reasonably be thought subject to the practices of unscrupulous persons, and it was therefore well within the police power, even without the added power of Congress to appropriate the public moneys on such terms as it thinks best. We may pass without comment the second constitutional point; i. e., that the statute is too vague.

[2] The more substantial question is of the meaning of section 13. The learned trial judge must be taken as construing the statute, not only to forbid the defendant charging more than $3 for actually preparing and executing claim papers, but also to forbid him charging anything whatever for such preliminary services as in fact he rendered, and the conviction cannot stand unless this is the proper view. The actual words of the section are: "Payment to any attorney * * * for such assistance as may be required in the preparation and execution of the necessary papers shall not exceed three dollars." Again: "No ' * ' attorney shall be recognized in the presentation or adjudication of claims under articles two, three and four," except that upon suit brought the court may allow him 5 per cent. of the amount recovered. The case in question fell under article 3, which deals with compensation for death, and the upshot of the language is that no attorney shall be recognized in presenting claims, unless there be a suit, but that he may be paid $3 for preparing and executing any necessary papers.

The learned trial judge was therefore right in saying that the defendant might recover nothing over $3 for all the services rendered Yetta Cohen. In his negotiations with the Bureau he must have been recognized as an attorney in the presentation of her claim, or his services could effect nothing. If he was so recognized, it was in the face of the statute, and he can recover nothing for services which he is forbidden to render. The act established a system designed to be self-executing. It makes no difference how well or ill it works. With obvious jealousy of the mediation of agents or attorneys, who might fleece the beneficiaries, it excluded them from any share in its operation, except to draw up the simple papers. The system must get along without their help, and if the beneficiaries suffer more than they would if they could employ attorneys with the risk of extortion, courts may not correct the blunder. To allow such charges as the defendant's for acting as a go-between would be exactly to frustrate the plan.

Judgment affirmed.